Filed 4/10/15  Rodney F. v. Superior Court CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| RODNEY F., | C078402 |
| Petitioner, | (Super. Ct. No. JD234167) |
| v. | |
| THE SUPERIOR COURT OF SACRAMENTO COUNTY, | |
| Respondent; | |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | |
| Real Parties in Interest. | |

Petitioner Rodney F., father of minor D. F., seeks an extraordinary writ (Cal. Rules of Court, rule 8.452) to vacate the orders of the juvenile court made at the

1

January 22, 2015, review hearing which set a Welfare and Institutions Code[1]
section 366.26 hearing. He contends that the juvenile court was required to order
reunification services. We issued a stay of the proceedings in the juvenile court.
Concluding that father is entitled to services, we shall grant the petition and vacate the
stay.

FACTUAL AND PROCEDURAL BACKGROUND

On December 20, 2013, the Sacramento Department of Health and Human
Services (the Department) filed a section 300 petition on behalf of minor D. F., then age
five, based on his mother's substance abuse and domestic violence between his father and
(father's) girlfriend and his mother and (mother's) boyfriend. Pursuant to a family court
order, father had sole legal and physical custody of D. F., and mother had weekly
supervised visitation.

A protective custody warrant was issued for the minor, D. F., and his two half
siblings, then ages ten months and three years. D. F. was taken into protective custody
from father on December 20, 2013; his half-siblings were taken from mother's custody at
a later date.

Although the social worker had spoken with father on December 17, 2013, and left
information including the hearing date at father's last known address, father did not
attend the December 27 detention hearing. Father was declared an adjudicated father at
that hearing.

A combined jurisdiction/disposition hearing was set for February 10, 2014. The
social worker had been unable to reestablish contact with father, so she prepared an
affidavit of due diligence on January 29, 2014, regarding her inability to determine
father's residence or whereabouts. The hearing was continued to March 3, 2014. Father

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.
Undesignated rule references are to the California Rules of Court.

2

was not present at the March 3 hearing. The minor was adjudged a dependent child of the court and ordered removed from parents' custody. The minor was placed with his half siblings. The juvenile court found father was D. F.'s presumed father. The court further found, as "[c]ircumstances denying reunification" for father, that there was clear and convincing evidence that his whereabouts were unknown. The juvenile court ordered reunification services were not to be provided to father, giving no other basis for the order denying services.[2]

On or shortly before August 11, 2014, father contacted the Department stating he was interested in receiving services and visitation with the minor. The social worker included this information in the six-month review report, filed August 11, 2014, along with a proposed case plan for father and the recommendation that father be provided services and mother receive continued services.

Three days later, on August 14, 2014, the social worker filed an addendum to the six-month review report, "submitting a new recommendation as the Department was mistakenly under the impression that this case was based on a child over [the age of] three and not under three. Therefore the mother is not entitled to additional time and [father was] not offered services."[3]

_____

[2] We reject the Department's argument that father was merely an adjudicated father. The findings and orders submitted by the Department, and adopted by the court, specifically state that father is the minor's presumed father. We also reject the Department's argument that father was not bypassed for services due to his absence. Although the court's oral and written orders did not specifically cite the applicable statutory provision, the record is clear that the social worker's inability to reestablish contact with father was the reason the juvenile court declined to order services.

[3] The reference to this minor being under three appears to be a loosely worded reference to the social worker's misperception that the juvenile court had previously found D. F. to be a member of a sibling group with at least one sibling under the age of three. As we discuss *post*, the juvenile court had not yet made this finding at the time of the report, and had not advised father that he was only entitled to six months of

3

The parties first appeared for the six-month review hearing on September 15, 2014. Due to issues surrounding father's reemergence and request for services, the hearing was continued multiple times. On October 31, 2014, father filed a motion to vacate the jurisdictional order or, alternatively, to return the matter to the disposition phase. The motion was based, in part, on evidence that father had asked the family court in March 2014 how to regain custody of the minor.

On November 24, 2014, the juvenile court heard and denied father's motion. The court also heard argument regarding the appropriate timeline for father's services, but did not rule. The six-month review was set for contested hearing to begin in early January 2015.

On December 31, 2014, the social worker filed an addendum report, stating that she had met father on August 12, 2014, and provided him with a copy of his case plan and gave him several referrals. She had provided him with another copy of the plan and new referrals at the end of September. The social worker represented that she (incorrectly) told him that the current services were court ordered "at the beginning of the case," and (also incorrectly) told him the case plan was "approved by the court." Father had only sporadically interacted with the social worker, remaining largely unreachable, and had not completed any services so far as the social worker was aware.

Father testified at the review hearing as to the services he had completed. The juvenile court found his testimony elusive and unreliable, but *did* find that he had come forward seeking services in August 2014, and was given referrals and a copy of a case plan by the social worker. The court found the social worker had met with father again in September 2014 and gave him another copy of a case plan, and made subsequent efforts to reach father. Based on these findings, the court concluded the Department had made

reunification services rather than 12 due to the sibling group classification -- a necessary advisement if his services were limited to six months. (See § 361.5, subd. (a)(1)(C).)

4

reasonable efforts to provide father with reunification services addressing the issues that led to removal.

After making additional findings, the juvenile court found that "this is a sibling group," where "there was a child under three at the initial removal." The court then stated that "[r]eunification services were terminated for the mother and the father," and set a section 366.26 hearing for D. F.

Father appeals from that order.

## DISCUSSION

Father contends the juvenile court erred in finding he had been provided reasonable reunification services, arguing that he was, in fact, *denied* services, and consequently remains entitled to court ordered services. He maintains that, although he came forward and sought services, he remained bypassed. The Department contends father was presented with a case plan and referrals on August 12, 2014 and is not entitled to additional services. We agree with father.

### A

*Failure To Modify The Disposition Orders After Father Requested Services*

Father was bypassed for reunification services pursuant to section 361.5, subdivision (b)(1), which provides that no reunification services shall be provided to a parent whose whereabouts are unknown. (See also rule 5.695(h)(6)(A).) The social worker provided the declaration of diligence and the court made the finding by clear and convincing evidence, in accordance with rule 5.695(h)(6)(A).

Father, however, contacted the Department prior to August 11, 2014, and said he was interested in receiving services and visitation with the minor. Rule 5.695(h)(9) directly addresses this situation, providing: "If the court finds under (6)(A) that the whereabouts of the parent or guardian are unknown and that a diligent search has failed to locate the parent or guardian, the court may not order reunification services and must set the matter for a 6-month review hearing. *If the parent or guardian is located prior to*

5

*the 6-month review and requests reunification services, the welfare department must seek a modification of the disposition orders.* The time limits for reunification services must be calculated from the date of the initial removal, and not from the date the parent is located or services are ordered." (Italics added.)

The six-month review was first heard on September 15, 2014. Accordingly, when father contacted the Department in August 2014, prior to the six-month review, the Department was required to seek a modification of the disposition order bypassing father for services. This it did not do. Although it initially recommended to the court that father be provided services in the social worker's August 11, 2014 six-month review report, three days later it retracted the recommendation. Thus, the Department did *not* seek a modification of the disposition order as required by rule 5.695(h)(9). Instead, it provided father with referrals and a case plan, which had *not* been ordered by the court. At best, what it offered was assistance with voluntary services.

B

*Failure To Provide Father Notice Of The Six-Month Limit On Services*

Having determined that father was entitled to a modification of the disposition order, we must consider whether his allotted time for services had run. The juvenile court determined father's entitlement to services was limited to six months (rather than 12 months, see section 361.5, subd. (a)(1)(A)), because it found D. L. to be part of a sibling group with a member under three years old. (See § 361.5, subd. (a)(1)(B), (C).) However, while the juvenile court reduced the period for reunification services, it did not give father *notice* of this reduction as required by the Welfare and Institutions Code as well as the Rules of Court.

Section 361.5, subdivision (a)(3) provides: "In cases where the child was under three years of age on the date of the initial removal from the physical custody of his or her parent or guardian *or is a member of a sibling group as described in subparagraph (C) of paragraph (1)*, the court *shall* inform the parent or guardian that the failure of the

6

parent or guardian to participate regularly in any court-ordered treatment programs or to cooperate or avail himself or herself of services provided as part of the child welfare services case plan may result in a termination of efforts to reunify the family after six months. The court *shall* inform the parent or guardian of the factors used in subdivision (e) of Section 366.21 to determine whether to limit services to six months for some or all members of a sibling group as described in subparagraph (C) of paragraph (1)." (Italics added.)

Subparagraph (C) of paragraph (1) provides in relevant part: "For the purpose of placing and maintaining a sibling group together in a permanent home should reunification efforts fail, for a child in a sibling group whose members were removed from parental custody at the same time, and in which one member of the sibling group was under three years of age on the date of initial removal from the physical custody of his or her parent or guardian, court-ordered services for some or all of the sibling group may be limited [to six months]." (§ 361.5, subd. (a)(1)(C).)

Rule 5.695(h)(2) provides: "If a child is a member of a sibling group removed from parental custody at the same time, and one member of the sibling group was under three at the time of the initial removal, reunification services for some or all members of the sibling group may be limited to 6 months from the dispositional hearing, and no later than 12 months from the date the children entered foster care. The court *must* inform *the parent or legal guardian of a child who is a member of such a sibling group* that failure to participate regularly and make substantive progress in court-ordered treatment programs may result in termination of reunification efforts after 6 months for one or more members of the sibling group."

Here, the juvenile court found D. F. was described by section 361.5, subdivision (a)(1)(C), and thus father was entitled to only six months of services. However, the record does not reflect that the juvenile court gave father the required notice.[4]

Absent prior notice to father that the minor is part of a sibling group and services may, therefore, be limited to six months, father was entitled to the standard 12-month reunification period running from the date of initial removal.[5] (§ 361.5, subd. (a)(1)(A); Rule 5.695(h)(9).) We hold that the reunification period for minor D. F. is not limited to six months, but is the standard 12 months provided for children over the age of three. Father was entitled to 12 months of court ordered reunification services, beginning December 20, 2013. Had the Department sought modification of the disposition order as required by rule 5.695(h)(9), father would have received approximately four months of court-ordered reunification services (from the time he contacted the Department in the beginning of August 2014 to December 20, 2014). He is entitled to those services.

## DISPOSITION

The petition is granted. Let a peremptory writ of mandate issue directing the juvenile court to vacate its January 22, 2015, order setting a section 366.26 hearing and

---

[4]    Of course, we recognize that there would be no apparent need to advise an absent parent, bypassed for services due to his absence, that his entitlement to services was restricted to six months rather than 12. Further, although father subsequently came forward, by the time the sibling group finding was made as to D. F. and announced to father, the advisement would have been meaningless. Had the Department sought the requisite modification of the disposition order bypassing father at the time he first requested services, the issue would have been brought to the juvenile court's attention in a timely manner.

[5]    Because the required notice was not given, we need not address the sibling group finding. However, we note that the record does not appear to support a finding that D. F. was "removed from parental custody at the same time" as his half siblings. (See § 361.5, subd. (a)(1)(C).) He was removed from a different parent, on a different date. The record reflects that father had sole legal and physical custody of him at the time of his removal, while his half siblings were in his mother's care.

8

hold a new hearing for the purpose of approving and ordering a reunification services case plan for father, in accordance with rule 5.695.  This decision is final forthwith as to this court.  (Rule 8.490(b).)  Having served its purpose, the stay previously granted is hereby vacated.


                                                          _____ROBIE_____, Acting P. J.


We concur:


_____DUARTE_____, J.


_____RENNER_____, J.


9